IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| SHERRY L. VANWINKLE | § § § | |
| VS. | § § § | CIVIL ACTION NO. 1:08-CV-0096-TH<br>JURY |
| KINSLOW, L.L.C. d/b/a<br>KINSLOW SONIC GROUP | § § § | |

## PROTECTIVE ORDER

Considering the foregoing Joint Motion for Protective Order;

IT IS HEREBY ORDERED and ADJUDGED THAT:

1. The following documents or other materials produced in this case may be designated by the answering or producing party, or witness, as "Confidential" information, and shall thereby be deemed confidential and subject to the provisions of this protective order: employee personnel files; salary histories; rates of pay; performance evaluations; disciplinary and related records; records relating to promotions, demotions, reassignments or transfers; records relating to participation in and/or eligibility for benefit plans; tax returns and related records; information regarding employees' medical condition(s) and/or histories; business records and/or communications not otherwise subject to public disclosure.

2. If any party to this action or witness claims that any document or other material produced by such party or witness or any information contained therein is confidential, then the party claiming confidentiality shall mark the document, and each page thereof, with a stamp identifying it as "Confidential."

3. Said Confidential marking shall not obliterate any portion of the document and to the extent possible shall be placed on the lower margin of the page.

4. If documents or other materials deemed confidential are filed with the Court, they should be marked as follows:

CONFIDENTIAL

5. Use of any documents, information and embodiments thereof subject to this Protective Order, including all derivative information therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any other purpose. However, this Protective Order in no way operates to restrict the disclosure or use of any information which is known or becomes known through proper and legal means or sources outside of this litigation.

6. Use of any documents, information and embodiments thereof subject to this Protective Order, including all derivative information therefrom, shall be restricted solely to the following persons who shall be advised of the terms of this Protective Order and who agree to be bound by the terms of this Protective Order:

    a. Counsel for any party to the above-captioned litigation, including attorneys of said counsel's law firm and all regular full-time employees of said counsel's law department or law firm including, but not limited to, paralegal assistants, and stenographic and clerical employees;

    b. The Plaintiff and employees of Defendant who are actively engaged in the preparation of this case;

    c. This Court and its personnel including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court during the litigation of the above-captioned action;

    d. Deponents, witnesses or potential deponents or witnesses in this action while their testimony is elicited, during investigation of issues in this case or preparation for same, provided that such persons agree not to disclose or otherwise use in any manner such information for purposes other than the litigation of this case; and

    e. Expert witnesses and their secretarial or clerical staffs, retained by either party who expect to be called as witnesses at trial or who are expected to be used in the litigation of this case.

  7. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request as provided under Texas and federal law. Nothing in this Protected Order shall prejudice any party from seeking amendments hereto broadening or restricting the rights of access to and use of confidential information, or other modifications, subject to orders by the Court.

  8. Within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or within ten days after the execution of any agreement between the parties to resolve amicably and settle this case, each party herein shall make available for pickup by the producing party all documents, information and any copies thereof subject to this Protected Order. This material shall be made available in sealed envelopes or sealed boxes marked "Confidential" to respective counsel. Provided, however, that no party shall be required to disassemble court pleadings or depositions, one copy of which may be retained by counsel.

  9. Each party herein reserves the right to dispute the confidential status claimed by any other party in accordance with this Protective Order. The parties shall first try to

resolve any such dispute on an informal basis and in good faith before presenting the dispute to the Court.

10. If any party believes that any information or documents have been inappropriately designated by another party or witness as subject to this Protected Order, the party shall, in writing, inform counsel for the party claiming the protected status. The party seeking protected status under this Protective Order shall have twenty (20) working days after receipt of notice to file an appropriate motion before this Court, to be heard in chambers, and the burden shall be on the moving party to prove the necessity of inclusion within this Protective Order.

11. No party shall seek sanctions based on an application to the Court for an interpretation of confidentiality pursuant to this Protective Order. Each party shall bear its own attorneys' fees.

12. This Order may be amended or terminated without leave of Court by agreement of the parties' attorneys in the form of a stipulation that shall be filed with the Court.

SO ORDERED.

Beaumont, Texas, this ___7th___ day of ___August___, 2008.

_____
United States District Judge